1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
8      WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   RICHARD E. STEARNS,
                                            CASE NO. 14-cv-05611 JRC
11                    Plaintiff,
                                            ORDER ON PLAINTIFF'S
12        v.                                COMPLAINT

13   CAROLYN W. COLVIN, Acting
14   Commissioner of the Social Security
     Administration,
15
                     Defendant.
16

17        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20   Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 28, 29, ).

21        After considering and reviewing the record, the Court concludes the

22   Administrative Law Judge ("ALJ") erred by failing to either include or explicitly reject

23   significant and probative medical evidence that plaintiff was limited to simple repetitive

24

tasks.   This results in harmful error impacting the residual functional capacity, hypotheticals, vocational expert testimony, and ultimate decision on disability.

BACKGROUND

Plaintiff, RICHARD E. STEARNS, was born in 1957 and was 50 years old on the amended alleged date of disability onset of October 19, 2007 (*see* AR. 37, 307-15, 316-19). Plaintiff completed approximately two years of college (AR. 104).  Plaintiff has work experience as a tow truck driver, tire repairer, sales merchandise delivery driver and dispatcher (AR. 49).

According to the ALJ, plaintiff has at least the following severe impairments: "from his amended onset date until May 14, 2010: Mixed personality disorder with narcissistic and antisocial characteristics; mood disorder, not otherwise specified; left elbow tendonitis; multilevel lumbar degenerative disc disease; alcohol abuse; hepatitis C; methamphetamine and polysubstance dependence (in remission) (20 CFR 404.1520(c)). From May 14, 2010, onward, the claimant has had the additional severe impairment of status post hernia repair and his alcohol abuse has been in full remission." (AR. 39-40.)

At the time of the hearing, plaintiff lived in a house by himself (AR. 90-91).

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 181, 182, 183). Following a hearing, unfavorable Administrative Law Judge decision, and remand by the Appeals Council (*see* AR. 137-

80, 184-201), plaintiff's second requested hearing was held before Administrative Law

Judge Mattie Harvin-Woode ("the ALJ") on August 28, 2012 (*see* AR. 72-136). On

September 25, 2012, the ALJ issued a written decision in which the ALJ concluded that

plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 34-51).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or

not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ

properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed

plaintiff's residual functional capacity; and (4) Whether or not the ALJ erred in basing

her step five finding on a residual functional capacity assessment that did not include all

of plaintiff's limitations (*see* Dkt. 28, p. 2).  Because resolving the first issue is

dispositive, the Court will assume that upon remand, the ALJ will reevaluate the entire

record for purposes of reaching a decision.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

1999)).

<u>DISCUSSION</u>

(1)    Whether or not the ALJ properly evaluated the medical evidence.

The ALJ must provide "clear and convincing" reasons for rejecting the

uncontradicted opinion of either a treating or examining physician or psychologist.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey*, 849 F.2d at 421-22). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Plaintiff alleges the ALJ erroneously disregarded an important limitation assessed by James Parker, M.D.  (AR. 545).  In his December 2007 psychological evaluation, Dr. Parker gave a functional assessment that plaintiff "is able to do simple repetitive tasks accurately." (AR. 544).   The ALJ purported to give significant weight to this opinion because Dr. Parker examined and tested plaintiff before opining on his workplace

1  restrictions.  (AR. 48).  Additionally, the ALJ found Dr. Parker's opinion "largely

2  consistent with the findings regarding the claimant's mental impairments in the record,"

3  and "the claimant's performance during mental status examinations and his own

4  statements regarding his abilities."  (AR. 48).  Despite the significant weight given to Dr.

5  Parker's opinion, the ALJ concluded plaintiff had the residual functional capacity

6  ("RFC") to perform "simple and detailed tasks, as well as some complex tasks."  (AR.

7  42).

8          The ALJ purported to accept and credit Dr. Parker's opinion but omitted the

9  limitation to simple repetitive tasks from the RFC without comment.  This was error.

10  While the ALJ need not discuss all the evidence, "she must explain why 'significant

11  probative evidence has been rejected.'" *Vincent*, 739 F.2d at 1395 (*quoting Cotter*, 642

12  F.2d at 706-07).  Dr. Parker's assessment that plaintiff would be limited to simple

13  repetitive tasks was both significant and probative. Therefore, ALJ erred by failing either

14  to include the restriction or to explain its rejection.

15          The Commissioner argues that any error is harmless because the Court can infer

16  the ALJ found greater capabilities based on the evidence of plaintiff's ability to perform

17  repairs on his property, manage real estate transactions, and gamble. (Dkt. 29, p. 10).

18  However, according to the Ninth Circuit, when an ALJ ignores or improperly discounts

19  significant and probative evidence in the record favorable to a claimant's position, such

20  as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an

21  incomplete residual functional capacity [RFC] determination." *See Hill v. Astrue*, 698

22  F.3d 1153, 1161 (9th Cir. 2012). Furthermore, when the RFC is incomplete, the

hypothetical question presented to the vocational expert relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162. The result is harmful error requiring reversal.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen, supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. Because the ALJ neither included nor explicitly rejected Dr. Parker's limitation to simple repetitive tasks, the RFC may not account for all of plaintiff's limitations.  Plaintiff's true RFC must be resolved in order to complete the disability analysis.  Additional proceedings are necessary to correct the ALJ's error and determine an accurate RFC.

//

//

1    (2)     Whether or not the ALJ properly evaluated plaintiff's testimony.

2         The Court already has concluded that the ALJ erred in reviewing the medical

3    evidence and that this matter should be reversed and remanded for further consideration,

4    *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part

5    on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore,

6    plaintiff's credibility should be assessed anew following remand of this matter.

7         As for the other issues raised by plaintiff, the ALJ is directed to reevaluate the

8    record anew on remand, in light of the comments set forth above.

9                              CONCLUSION

10        Based on these reasons and the relevant record, the Court **ORDERS** that this

11   matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

12   405(g) to the Acting Commissioner for further consideration consistent with this order.

13        **JUDGMENT** should be for plaintiff and the case should be closed.

14        Dated this 21st day of October, 2015.

15

16

17        _____
          J. Richard Creatura
18        United States Magistrate Judge

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 7