UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD E. STEARNS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 3:14-cv-05611 JRC

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter comes before the Court on plaintiff's contested motion for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") (*see* Dkt. 34; *see also* Dkts. 35, 36).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request

for statutory attorneys' fees on the grounds that the requested fees are unreasonable given the circumstances of this case (*see* Response, Dkt. 35, p. 2 (*citing* 28 § U.S.C. 2412(b))).

After considering and reviewing the record, including plaintiff's Application for Costs and Fees, and the attached time and expense sheet (*see* Dkt. 34), the excellent results obtained by plaintiff's counsel but the large amount of hours requested in this matter (46.4 attorney hours and 3.3 paralegal hours) relative to other social security cases, the Court concludes that plaintiff has requested reimbursement for attorneys' fees that were not reasonably expended on the litigation. Therefore, plaintiff's fees for preparation of the Opening Brief should be reduced by 10 hours, for a total number of hours of 39.7, which is less than the requested reduction by defendant of a reduction to 30 total hours.

Plaintiff requests $9,132.14 in total fees for the underlying litigation. Although the 3.3 paralegal hours reasonably were expended ($330), the 46.4 attorney hours were not reasonably expended. Plaintiff's request for attorneys' fees representing attorney work for $8,802.14, should be reduced by 10 hours ($1,896.80) to $6,905.34

Defendant does not object to plaintiff's request for $27.13 in expenses, which shall be granted. Plaintiff also requests 1.8 additional hours for the time incurred defending the fee petition, which should be awarded at the 2016 rate of $189.68, for an additional $341.42 in fees.

Therefore, plaintiff's motion for fees and expenses is granted pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $7,576.76 in attorneys' fees (which includes 3.3 hours of paralegal time) and $27.13  for expenses.

## BACKGROUND and PROCEDURAL HISTORY

On October 21, 2015, this Court issued an Order reversing and remanding this matter for further consideration by the Administration (*see* Dkt. 31).

The Court found that the ALJ erred when evaluating the medical evidence (*see id*. at 3-6). This matter was reversed pursuant to 42 U.S.C. § 405(g) for further consideration due to the harmful error in the evaluation of such evidence (*see id.* at 3-7).

Subsequently, plaintiff filed a motion for EAJA attorneys' fees, to which defendant objected (*see* Dkt. 34). Defendant contends that the amount of hours incurred in this matter is unreasonable (Dkt. 35). Plaintiff filed a reply (*see* Dkt. 36).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied,* 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala,* 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also

"has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra,* 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order on Complaint, Dkt. 31). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant conceded that the government's position was not substantially justified, and argues that plaintiff's recovery for attorneys' fees should be reduced, not eliminated (*see* Defendant's Response to Plaintiff's EAJA Motion for Fees, Dkt. 35, p. 2, 5).

The Court agrees with defendant's concession (*see id.*). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart,* 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra,* 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433. Here, defendant challenges the number of hours expended on this matter (*see* Dkt. 35, p. 2).

Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra, 461 U.S. at 435.*  The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

The Court concludes that plaintiff's results here were excellent. Although plaintiff did not receive a remand with a direction to award benefits, the circumstances allowing

for such a result do not exist often in social security appeals before this Court. Plaintiff here obtained a new hearing and a new decision following remand of this matter. Although defendant claims that plaintiff's "limited success" also is demonstrated by the fact that this Court "decided to address only one of Plaintiff's arguments," such is not the case (Dkt. 35, p. 4). Simply because the Court chooses to conserve judicial resources and discusses only one dispositive issue does not mean that the plaintiff has not obtained excellent results. Here, the Court discussed the ALJ's error when reviewing the medical evidence and concluded that because "resolving th[is] issue is dispositive, the Court will assume that upon remand, the ALJ will reevaluate the entire record for purposes of reaching a decision" (Dkt. 31, p. 3). In addition, the Court explicitly determined that because of the ALJ's error when evaluating the medical evidence, the ALJ also "'thereby provide[d] an incomplete residual functional capacity [RFC] determination'" (*Id.* at 5 (*quoting Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)). The Court also concluded that "plaintiff's credibility should be assessed anew following remand of this matter" and that regarding "the other issues raised by plaintiff, the ALJ is directed to reevaluate the record anew on remand, in light of the comments set forth above" (*id.* at 7). Defendant's contention that plaintiff achieved limited success is unpersuasive.

Because the Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson, supra,* 488 F.2d at 717-19 "usually are subsumed within the initial

calculation of hours reasonably expended at a reasonable hourly rate."[1] *See Hensley, supra,* 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway,* 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e] *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorneys' fees award does not directly consider the multi-factor test developed in *Johnson,* supra, 488 F.2d at 717-19, and *Kerr, supra,* 526 F.2d at 69-70").

As defendant does not object to plaintiff's requested hourly rate for his attorneys' fees request, the gravamen of defendant's contentions here concern the number of hours reasonably expended on the litigation (*see* Dkt. 35, p. 2). *See also Hensley, supra*, 461 U.S. at 433.

Defendant first contends that "plaintiff's billing is extensive for a routine disability case that did not present novel or complex questions" (*id.* at p. 3). Defendant argues that the "underlying case involved routine questions concerning the ALJ's analysis of medical opinion evidence, Plaintiff's credibility, and the residual functional capacity assessed by the ALJ" (*id.*). According to defendant, 47.1 hours is unreasonable for a "routine"

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

disability case (*id.*). This Court previously has rejected the argument that experienced practitioners should be able to handle "routine" disability cases in 20-40 hours. Each social security case is factually different, and there is no "routine" disability case.

As concluded by this Court previously: "The district courts within the Ninth Circuit have not come to any consensus that only EAJA fee requests representing less than 40 attorney hours in 'typical' social security appeals are reasonable." *McCune v. Astrue*, Case No. 10cv5074, 2011 U.S. Dist. LEXIS 92979 at *10-*11 (W.D. Wash. 2011) (unpublished opinion) (*citing Johnson v. Astrue*, 134 Soc. Sec. Rep. Service 4, 2008 U.S. Dist. LEXIS 68681 at *5, 9-10 (N.D. Cal. 2008) (although defendant Commissioner contended that 47 hours of time was unreasonable on a social security appeal that was fairly routine and not overly complex, the court awarded fees representing 57 hours, as it disagreed with Commissioner's contention and awarded 10 additional hours for the time plaintiff's attorney expended replying to defendant's response to plaintiff's request for fees); *Burleson v. Astrue*, 139 Soc. Sec. Rep. Service. 540, 2009 U.S. Dist. LEXIS 36782, 2009 WL 364115 at *3 (W.D.Wash. 2009) ("There is no hard-and-fast cap on attorney fee awards at 40 hours") (*citing Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000)) (other citation omitted)).

This conclusion by the Court is buttressed by a more recent Ninth Circuit decision. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("we conclude that it is also an abuse of discretion to apply a *de facto* policy limiting Social Security claimants to 20 to 40 hours of attorney time in 'routine' cases"). However, "district courts may consider [the] fact [that 20 to 40 hours is the range most often requested and granted

in Social Security cases] in determining the reasonableness of a specific fee request . . . ." and the Court takes note of this fact. *Id.* (*citing Patterson v. Apfel*, 99 Fed. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases)).The Court will address this consideration in the context of this particular case below, *see infra*.

Defendant implies that the Supreme Court concluded that "courts should consider awards in similar cases," when determining the reasonableness of plaintiff's requested fee. *Id.* (*citing Hensley, supra*, 461 U.S. at 430 n.3). However, what the Court was indicating at the cited reference was that the "amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 430. The Court noted that the House Report "refers to the 12 factors set forth in *Johnson*," *supra*, 488 F.2d at 714, but after discussing the factor of results obtained and concluding that no fee may be awarded for work on unsuccessful claims unrelated to the successful claim, the Court noted that a district court also "may consider [the] other factors identified in *Johnson*, [*supra*, 488 F.2d at 717-19], though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley, supra*, 461 U.S. at 434 n.9 (citation omitted). As "awards in similar cases" is one of these "other factors," the Court does not agree with defendant's characterization of the Supreme Court's holding as indicating that this Court necessarily *must* consider awards in similar cases, although the Supreme Court indicated that this Court "*may*" choose to do so, and this Court will do so here below, *see infra*. *Id.* at 430 n.3 (*see also* Defendant's Response, Dkt. 35, p. 4).

The Court has reviewed the facts of this case. *See Hensley, supra,* 461 U.S. at 429, 433 n.7 (once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case"). As noted in the declaration from plaintiff's attorney, in this case, as in multiple other instances regarding fee petitions from this particular attorney, the attorney's brother, counselor Noah Yanich, "a very experienced litigator," first "prepared a detailed summary of [plaintiff's] file, with precise citations to the court transcript and with legal analysis" (Dkt. 36, Attachment 1, p. 2). Subsequently, plaintiff's attorney completed the preparation of the opening brief (Dkt. 34, Attachment 4, p. 2). From the time expenditure itemization submitted by plaintiff, it appears that counselor Noah Yanich expended approximately 25.3 hours preparing this "detailed summary," while plaintiff's attorney expended over 10 hours reviewing the file and finalizing the opening brief (*see id.*). Although it is not unusual in the practice of law for multiple attorneys to work on the same case, it is not the case in all social security cases before this Court. And, when it does occur, the attorneys generally appear to make efficient use of different attorney's expertise and abilities, and submit a fee petition with a smaller, or average, amount of hours billed (*see, e.g.*, *Spencer v. Colvin*, Case No. 15cv20-JRC (W.D. Wash. 2015) (unpublished opinion), Dkt. 25-1, p. 4, Dkt. 25-4, p. 1, Dkt. 25-5, p. 1). For example, in a case previously before this Court that was very similar to this one, where two attorneys and a paralegal billed hours (just as in the case herein), and where the transcript was 983 pages long, similar to the case herein, the fee petition included just 15.7 hours for file review and drafting of the Opening Brief, and 27.9 hours for the entire case (*see id.*). The

Court is familiar with both of these cases, and the case at bar did not present issues that were vastly more complicated or difficult such as to justify more than twice the amount of hours for the Opening Brief, and almost twice as many hours for the entire case. Much of the Opening Brief submitted in this case consisted of a recitation of the facts, many of which were not particularly tailored to any specific argument. Based on the specific facts of this case, the itemized hourly fee petition, and the particular Opening Brief herein, the Court concludes that some of the hours incurred in the preparation of the Opening Brief appear to be excessive. Before concluding if, and to what extent, the fees for the Opening Brief should be reduced, the Court will provide a brief review of other Social Security disability cases previously before this Court in the last eight months.

While over 35 hours were incurred by attorneys in the preparation of the Opening Brief in the case herein, it is not uncommon for the Court to receive a fee petition totaling 18-40 hours for an entire social security case, with sometimes as few as 7-12 hours incurred drafting the Opening Brief (*see, e.g.*, Case No. 15cv360, Dkt. 20-2, p. 3 (7.6 hours for file review and drafting of the Opening Brief, 15.6 hours for the entire case); Case No. 14cv5825, Dkt. 17-3, p. 1 (12.5 hours for file review and drafting of the Opening Brief, 22.7 hours for the entire case); Case No. 15cv929, Dkt. 19-2, pp. 1-2 (11.6 hours for file review and drafting of the Opening Brief, 18.3 hours for the entire case); Case No. 15cv5006, Dkt. 19-1, p. 1 (11.9 hours for file review and drafting of the Opening Brief, 20.1 hours for the entire case); Case No. 14cv5943, Dkt. 24-1, p. 1 (10.2 hours for file review and drafting of the Opening Brief, 21.9 hours for the entire case); Case No. 14cv5772, Dkt. 20-3, pp. 1-2 (13 hours for file review and drafting of the

1  Opening Brief, 25.1 hours for the entire case); Case No. 14cv6011, Dkt. 32-1, p. 1 (18.8
2  hours for file review and drafting of the Opening Brief, 27.6 hours for the entire case);
3  Case No. 15cv187, Dkt. 17-3, p. 1 (23.1 hours for file review and drafting of the Opening
4  Brief, 33.8 hours for the entire case); Case No. 14cv5793, Dkt. 23-1, p. 1 (18.75 hours for
5  file review and drafting of the Opening Brief, 32.25 hours for the entire case); Case No.
6  15cv5198, Dkt. 26-2, p. 1 (13.8 hours for file review and drafting of the Opening Brief,
7  38.57 for the entire case, including a Fed. R. Civ. P. 59(e) response); Case No. 15cv861,
8  Dkt. 19-2, p. 1 (21.1 hours for file review and drafting of the Opening Brief, 38.5 hours
9  for the entire case); Case No. 15cv5211, Dkt. 25-3, p. 1 (23.3 hours for file review and
10 drafting of the Opening Brief, 38.9 hours for the entire case); Case No. 15cv5352, Dkt.
11
12 17-2, p. 1 (17.6 hours for file review and drafting of the Opening Brief, 29.27 hours for
13 the entire case); Case No. 14cv6007, Dkt. 21-3, pp. 1-2 (14.1 hours for file review and
14 drafting of the Opening Brief, 24 hours for the entire case); Case No. 14cv5770, Dkt 22-
15 3, pp. 1-2 (24.5 hours for file review and drafting of the Opening Brief, 31.8 hours for the
16 entire case); Case No. 14cv5754, Dkt. 24-3, pp. 1-2 (16.7 hours for file review and
17 drafting of the Opening Brief, 30.3 hours for the entire case); Case No. 15cv20, Dkt. 25-
18 1, p. 4, 25-4, p. 1, 25-5, p. 1 (15.7 hours for file review and drafting of the Opening Brief,
19 27.9 hours for the entire case); Case No. 14cv5865, Dkt. 23-2, p. 1 (20.4 hours for file
20 review and drafting of the Opening Brief, 25.9 hours for the entire case); Case No.
21
22 15cv5098, Dkt. 10-1, p. 4, Dkt. 26-3, p. 1, Dkt. 26-4, p. 1 (25.4 hours for file review and
23 drafting of the Opening Brief, and 38.9 hours for the entire case). In this context,
24 incurring more than 35 hours drafting the Opening Brief and 49.7 hours for the entire

case makes this fee petition one of the highest this Court has ever been presented with for a Social Security case, if not the highest it has been presented with.

The Court also has considered the contention by plaintiff that the attorney herein "did not represent [plaintiff] at his administrative hearing, and it therefore took extra time to review this file and brief his case" (Dkt. 36-1, p. 2). However, this is not uncommon in Social Security cases. Plaintiff also contends that more time "had to be expended due to the need for a sentence six remand" (Dkt. 36, p. 2). The Court considers this fact, but does not find that it justifies the extremely large number of hours expended on the case as a whole, or the Opening Brief herein. The Court also has considered plaintiff's reference to the fact that plaintiff's file "was over 900 pages long, which is unusually long and increased the amount of time we had to expend on this case" (*see id.*). While it is true that a 900 page record is on the long side, it does not appear to this Court to be so long as to justify the exceedingly large fee requested in this case (*see, e.g.*, Case No. 15cv5281 (2297 pages); Case No. 15cv5943 (1390 pages); Case No. 15cv5098 (1263 pages); Case No. 15cv20 (983 pages); Case No. 15cv187 (825 pages); Case No. 14cv5793 (788 pages); Case No. 15cv929 (784 pages); Case No. 14cv5825 (782 pages); Case No. 15cv5404 (780 pages); Case No. 14cv5754 (756 pages)). For example, in one case, the record was 1390 pages long, much longer than in the case at bar, yet the attorney billed a total of 21.9 hours for the entire case, with 10.2 hours being billed for completion of the Opening Brief (*see* Case No. 15cv5943, Dkt. 24-1, pp. 1-2, Dkt. 12-1, p. 5). Similarly, in a recent case with a record of 1263 pages, also much longer than the one in the case at bar, the attorneys billed 25.4 hours for the opening brief, and 38.9 hours for the entire

case (*see* Case No. 15cv5098, Dkt. 10-1, p. 4, Dkt. 26-3, p. 1, Dkt. 26-4, p. 1; *see also* Case No. 15cv5281 (2297 page administrative record, where a plaintiff incurred 43.7 hours total for the entire case); Case No. 15cv20, Dkt. 10-1, p. 5, Dkt. 25-1, p. 4 (983 page administrative record, where a plaintiff incurred 27.9 hours for the entire case); Case No. 15cv187, Dkt. 8-1, p. 3, Dkt. 17-3, p. 1 (825 page administrative record, where a plaintiff incurred 33.8 hours for the entire case)). The Court already has noted a case previously before this Court that is similar to this one, in which the transcript was 983 pages long but the fee petition included just 15.7 hours for file review and drafting of the Opening Brief, and 27.9 hours for the entire case (*see Spencer*, *supra,* Case No. 15cv20-JRC, Dkt. 25-1, p. 4, 25-4, p. 1, 25-5, p. 1).

Although the Court does not find persuasive that in general there are "routine" social security disability cases that should be handled in 20-40 hours, the Court has considered defendant's argument that in this particular case, the number of hours requested by plaintiff is unreasonable. As noted, although the Court does not agree with defendant's characterization of the Supreme Court's holding as indicating that this Court necessarily *must* consider awards in similar cases, the Court *may* do so, and has done so herein.

Based on this Court's review of this case and when paying particular attention the facts, the record, and the Opening Brief in this matter herein, the Court concludes that the amount of time expended on this case in its entirety, including but not limited to plaintiff's Opening Brief, is unreasonable. For example, the issues raised and discussed in the Opening Brief or in the Reply brief were not unusually complicated or difficult. As

noted already, the amount of attorney time incurred preparing the Opening Brief is more than three times the amount incurred preparing Opening Briefs in multiple other similar Social Security cases, *see supra*. Similarly, as discussed, the amount of attorney hours incurred on the entire case is two to three times the amount incurred in other Social Security cases, *see supra*. The facts, record, and arguments made (either in the Opening Brief or in the Reply Brief) in this particular case were not so unusual or complex to require such a discrepancy or such a high number of attorney hours. The Court notes that this Court's order was only seven pages long, with three and a quarter pages utilized to determine the dispositive issue, making it one of this Court's shortest orders on a Social Security case. This factor is only a minor factor in this Court's conclusion regarding hours and fees.

Plaintiff has requested a total of 49.7 hours (46.4 attorney hours and 3.3 paralegal hours) (*see* Dkt. 34-3, pp. 1-2). Based on the particular facts and record in this case, and with consideration given to fee awards in similar cases, the Court concludes that although the paralegal hours requested is reasonable, plaintiff has requested an excessive amount of attorney hours that were not reasonably expended, particularly on the Opening Brief. *See Hensley, supra*, 461 U.S. at 434 ("the District Court [] should exclude from this initial fee calculation of hours that were not 'reasonably expended'"), 430 n.3 and 434 n.9 ("the district court also may consider other factors identified in *Johnson*, [] [*supra*,] 488 F.2d [] [at] 717-19 . . . ." such as "awards in similar cases"); *see also Silva v. Bowen,* 658 F.Supp. 72, 73 (E.D. Penn. 1987) ("Twenty hours to draft, review and rewrite plaintiff's summary judgment brief is excessive. The task could have been

FOR ATTORNEYS' FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 15

comfortably completed with eight hours of work," with the court reducing the requested hours by 25 hours to a total of 29.25)).

The thirty five hours requested in preparation of the Opening Brief is excessive and unreasonable. The Court therefore reduces by 10 hours the attorney hours for the Opening Brief. *See Hensley, supra*, 461 U.S. at 434, 430 n.3, 434 n.9; *see also Sylvia, supra*, 658 F.Supp. at 73 ("Twenty hours to draft, review and rewrite plaintiff's summary judgment brief is excessive. The task could have been comfortably completed with eight hours of work")). However, the additional 1.8 hours requested by plaintiff for the defense of the fee petition is reasonable, and should be added to plaintiff's award.

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for expenses in the amount of $27.13, finds reasonable the request for attorney's fees representing 3.3 hours of paralegal work ($330.00) and concludes that plaintiff's request for attorneys' fees in the amount of $8,802.14, representing 46.4 hours of work is unreasonable and represents hours not reasonably expended on the litigation. Therefore, plaintiff's request for attorneys' fees representing attorney work for $8,802.14, should be reduced by 10 hours ($1,896.80) to $6,905.34, for the reasons discussed herein. As noted, plaintiff request for an additional 1.8 hours in attorneys' fees for defense of the fee petition is reasonable and should be added to the EAJA fee award ($341.42, calculated at the hourly rate of $189.68).

## CONCLUSION

It is hereby ORDERED that EAJA attorneys' fees of $7,576.76 (which includes the $330 for 3.3 paralegal hours) and expenses in the amount of $27.13, shall be awarded

to plaintiff pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

The Acting Commissioner shall contact the Department of Treasury after the Order for EAJA fees and expenses is entered to determine if the EAJA fees and expenses are subject to any offset. If it is determined that plaintiff's EAJA fees and expenses are not subject to any offset allowed pursuant to the Department of the Treasury's Offset Program, then the check for EAJA fees and expenses shall be paid directly to Eitan Kassel Yanich, Esq., either by direct deposit or by check payable to him based on plaintiff's assignment of these amounts to plaintiff's attorney (*see* Plaintiff's Declaration Regarding Net Worth and Payment of EAJA Fees, Dkt. 33). If there is an offset, the remainder shall be made payable to plaintiff, based on the practice of the Department of the Treasury (*see, e.g.,* Case No. 2:15-cv-122, Dkt. 22, p. 4). Any check for EAJA fees and expenses shall be mailed to plaintiff's counsel, Eitan Kassel Yanich, Esq., at Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

Dated this 24th day of February, 2016.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEYS' FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 17